**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| KORETTA ANN KING, | ) | |
|---|---|---|
| | ) | |
| Petitioner, *pro se*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:11CV62 |
| | ) | 1:09CR338-1 |
| Respondent. | ) | |

Petitioner Koretta Ann King, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 66).[1] Petitioner was indicted on various fraud-related charges (docket no. 1). She later pled guilty to one count each of Social Security fraud in violation of 42 U.S.C. § 408(a)(7)(B), mail fraud in violation of 18 U.S.C. § 1341,[2] aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and engaging in a monetary transaction in criminally derived property of a value greater than $10,000 in violation of 18 U.S.C. § 1957(a) (docket nos. 27, 29). Petitioner was given concurrent 41-month sentences on three of her convictions and a consecutive 24-month sentence for the aggravated identity fraud conviction (docket no. 60). Petitioner did not appeal, but she instead filed her current motion under 2255. Respondent has filed a response (docket no.

---

[1] This and all further cites to the record are to the criminal case.

[2] That count, which is listed in the indictment as Count Five, also mentions 18 U.S.C. § 1346. As will be discussed more later, however, a key issue in the case is whether or not Petitioner was actually convicted under Section 1346 or only Section 1341.

84), Petitioner has filed a reply (docket no. 88), and her motion is now before the court for a decision.

## PETITIONER'S CLAIMS

Petitioner raises two claims for relief in her motion. The first claim is that the Supreme Court decision in *Skilling v. United States*, ___ U.S. ___, 130 S. Ct. 2896 (2010), which was decided on the same day she was sentenced, requires the court to vacate her conviction for mail fraud under Count Five of the indictment. Her second claim for relief alleges that counsel provided ineffective assistance of counsel by not delaying her sentencing hearing until after *Skilling* was decided, not seeing that she benefitted from that decision once it was announced, and not delaying her sentencing until after proposed amendments to the United States Sentencing Guidelines had gone into effect on November 1, 2010. She claims that one of those amendments would have removed a "recency" point from her criminal history.

## DISCUSSION

Turning to Petitioner's first claim that she is due relief under *Skilling*, the court first notes that only one of Petitioner's four convictions, her conviction on Count Five of the indictment, is potentially affected. Her remaining convictions and sentences would remain intact (*see* PSR ¶ 23 (stating that both Counts Five and Seven produce the same adjusted offense level)). Even as to Count Five, however, Petitioner's claim has no merit because *Skilling* has no bearing on her case.

Respondent contends that Petitioner was convicted under 18 U.S.C. § 1341, which prohibits the use of the mails to perpetrate "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses [or] representations." *Skilling* dealt with 18 U.S.C. § 1346, which defines "any scheme or artifice to defraud" in Section 1341 as including "a scheme or artifice to deprive another of the intangible right of honest services." *Skilling* limited the phrase "the intangible right of honest services" as used in Section 1346 to cover only bribery and kickback schemes. Respondent reasons that, because Petitioner was not convicted of honest services fraud under Section 1346, *Skilling* does not apply to her case.

Petitioner responds by pointing out that Count Five of her indictment did allege violations of both Section 1341 and Section 1346. Although she is correct concerning the notation of Section 1346 in Count Five of the indictment, the overall record in the case shows that she was convicted under Section 1341, not Section 1346. The starting point for this conclusion is the indictment itself (docket no. 1). The first count in the indictment charges Petitioner and three codefendants, one of which was Claude Willie Barnes, Jr., with being part of a scheme to commit mail fraud. Betty Sue Barton was a widow who received nursing services from Petitioner. Barnes was listed in Barton's will as the personal representative for the estate (*id.*, Count One, ¶ 7). On October 8, 2008, Barton died (*id.* ¶ 8). Petitioner then moved into her home while she, Barnes, and two others systematically stole money from Barton's estate over a period of months using a variety of tactics (*id.*, ¶¶ 18-38).

Most of the factual allegations in the indictment are set out in relation to Count One of the indictment which describes the overall scheme. The only theft of "honest services" mentioned is in relation to Barnes, who the indictment alleges defrauded Barton's heirs and the State of North Carolina of his honest services as executor of Barton's estate (*id.*, ¶ 12, 18). As to Petitioner, it alleges that she defrauded Barton's estate, one of its beneficiaries, and two corporations of cash, credit lines, and goods (*id.*, ¶ 18). Honest services are not mentioned as to Petitioner.[3]

The remaining counts in the indictment reallege and incorporate the scheme described in Count One and simply list particular actions undertaken by the defendants which furthered the overall scheme and violated various statutes. Count Five alleges that Petitioner, Barnes, and a third defendant caused a check to be mailed which was payable to Petitioner. The check represented the wrongful payment of funds from an annuity owned by Barton. Count Five does state that this act violated 18 U.S.C. §§ 1341 and 1346. Because Count Five incorporates the factual allegations set out in Count One, however, Count Five must be read in light of those facts. As already stated, they do allege honest services fraud as to Barnes, who is one of the other defendants included in Count Five. They do not allege any honest services fraud as to Petitioner. Therefore, it does not appear that Count Five

---

[3] Petitioner points to her employment through the nursing service which placed her with Barton and her expected nursing services to Barton. Nevertheless, the indictment specifically alleges that Barton was dead by the time the scheme to defraud began. No nursing services were being rendered to Barton during the time that the scheme operated (docket no. 1, Count One, ¶¶ 8, 18, 19, 24).

actually alleges that Petitioner's conduct, as opposed to Barnes' conduct, violated Section 1346.

This conclusion is buttressed by two other sources in the record. First, the factual basis supporting Petitioner's guilty plea does not mention any theft of honest services. Instead, it describes only the theft of funds (docket no. 27). Likewise, Petitioner's plea agreement explicitly states that "Counts One, Two and Five charge [Petitioner] with violations of Title 18, United States Code, Section 1341, mail fraud" (docket no. 29, ¶ 1). Honest services fraud and Section 1346 are not mentioned. Quite clearly, Petitioner pled guilty to violating Section 1341, not Section 1346. Any reference to Section 1346 in the indictment or elsewhere obviously referred to Barnes or was surplusage. Because Petitioner was not convicted under Section 1346, *Skilling* does not affect her case. Her first claim for relief should be dismissed to the extent it claims otherwise.

Of course, Petitioner also alleges ineffective assistance of counsel based on counsel's failure to take *Skilling* into account at sentencing or to raise the case at some later point. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an

evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Here, Petitioner cannot demonstrate either deficient performance or prejudice. As already set out, *Skilling* did not apply to her conviction under Count Five. There was no valid argument for counsel to raise, and it would not have benefitted Petitioner to raise a meritless argument. Her ineffective assistance argument related to her first claim for relief should be denied.

Petitioner's second claim requires little discussion. Petitioner argues that counsel was ineffective for not seeking to delay her sentencing until a proposed amendment to the Guidelines went into effect which would have reduced her criminal history score by removing a recency point. It is entirely speculative that counsel could have succeeded in delaying sentencing for several months based on a proposed amendment that might or might not have eventually gone into effect. Assuming that he could have done this, however, Petitioner still suffered no prejudice. Removing the single recency point would reduce her criminal history score from 6 to 5 (PSR ¶¶ 47, 48). This would leave her in Criminal History

Category III, which was the same category used to calculate the advisory Guidelines range at her sentencing (PSR ¶ 48). In other words, removing the point would have changed nothing; and she could not have been prejudiced by counsel's failure to ask for a continuance. This claim should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 66) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
September 27, 2011